UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK WACHS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF KERN, *et al.*,<br><br>　　　　　　Defendants.[1] | Case No. 1:23-cv-00445-KES-CDB<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND<br><br>(Doc. 12)<br><br>**14-DAY OBJECTION PERIOD**<br><br>ORDER VACATING SCHEDULING CONFERENCE |

Pending before the undersigned is the motion of Defendants County of Kern, Joshua Cabezuela, Juan Cuevas, Andrew Avila, and Phillip Garza (collectively, "Defendants")[2] to dismiss the complaint of Plaintiff Patrick Wachs ("Plaintiff"), filed on April 3, 2023.[3] (Doc. 12). Plaintiff, proceeding pro se, filed an opposition to the motion on April 18, 2023. (Doc. 15). Defendants filed a reply on April 24, 2023. (Doc. 16). The undersigned deems the motion suitable for resolution without hearing and oral argument. *See* E.D. Cal. Local Rule 230(g). For the reasons set forth below, the undersigned will recommend Defendants' motion to dismiss be granted with leave to amend.

---

[1] On March 30, 2023, pursuant to stipulation, Plaintiff and Defendant City of Delano voluntarily dismissed City of Delano from this action with prejudice. (Doc. 9).

[2] The other named Defendants (Dewar, Lara, and Sanchez) have not appeared in the action and are not joined to Defendants' motion to dismiss.

[3] On May 14, 2025, the assigned district judge referred the pending motion to dismiss to the undersigned for the preparation of findings and recommendations. (Doc. 27).

I. **BACKGROUND**[4]

Plaintiff, proceeding pro se, initiated this action with the filing of a complaint on February 21, 2023,[5] in the Kern County Superior Court, case number BCV-23-100514. (Doc. 1). Since-terminated City of Delano, later joined by Defendants, removed the action to this Court on March 23, 2023. (Docs. 1, 5).

In the complaint, Plaintiff asserts various causes of action under 42 U.S.C. § 1983 for violation of the Fourth Amendment, substantive due process, and municipal liability under *Monell*, and state law claims for false arrest and imprisonment. (*See id.*). Plaintiff seeks compensatory damages, punitive damages, statutory damages, interest, reasonable attorneys' fees[6] and litigation expenses, and costs. (*Id.* at 16-17).

Plaintiff alleges that his complaint arises from Defendants' violations of his rights "in connection with harassment and [his] false arrest … on October 17, 2020." (*Id.* ¶ 3). He alleges that he resides in the City of Delano, California. (*Id.* ¶ 4). In addition to the above-named Defendants, Plaintiff asserts claims against Does "1-5" who are "supervisory officers for the Kern County Sheriff's Office ("KCSO") and Does "6-10" who are "managerial, supervisorial, and policymaking employees of the KCSO," all of whom "were acting under color of law within the course and scope of their duties …. For the KCSO." (*Id.* ¶¶ 8, 9). Plaintiff alleges that on October 17, 2020, he was arrested without just case for trespass onto the property located at 30146 W. Cecil Avenue, Delano, by Defendant Cabezuela "assisted by Defendants" Cuevas and Dewar, all of whom are deputy sheriffs with KCSO. (*Id.* ¶ 18). No other facts are alleged in the complaint pertaining to the other named Defendants (*e.g.*, Lara, Sanchez, Avila, and Garza). Plaintiff alleges that he "incurred attorney fees in defending himself against the charges of trespass, suffered loss of income, mental anguish, damages to his reputation, impairment of his dignity, loss of freedom, pain

---

[4] References to Plaintiff's complaint are to the CM/ECF-assigned page number. (Doc. 1).

[5] Although the notice or removal states the action was commenced on February 21, 2022, both the complaint and issued summons are dated 2023. (Doc. 1-1).

[6] Plaintiff, who is proceeding pro se, is not entitled to attorney's fees. *Kay v. Ehrler*, 499 U.S. 432, 435 (1991).

and suffering, stress and emotional trauma." (*Id.* ¶ 19). Plaintiff alleges that on July 12, 2022, he filed a claim for damages with the County of Kern that was rejected on September 2, 2022. (*Id.* ¶¶ 20, 21).

In his first claim for relief, Plaintiff asserts a Fourth Amendment detention and arrest claim under 42 U.S.C. § 1983 and alleges only the elements in support of the claim. (*Id.* ¶¶ 22-26). Plaintiff's second (substantive due process), third (municipal liability – ratification), fourth (municipal liability – failure to train), fifth (municipal liability – unconstitutional custom or policy), and sixth (false arrest/false imprisonment) claims all appear to allege only the elements in support of those claims. (*See id.* at 10-16).

## II.    GOVERNING AUTHORITY

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests a complaint's sufficiency and asks a court to dismiss a plaintiff's complaint for failing "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *N. Star Int'l v. Ariz. Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983) (citing *Peck v. Hoff*, 660 F.2d 371, 374 (8th Cir. 1981)). A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (citing *Robertson v. Dean Witter Reynolds, Inc*., 749 F.2d 530, 533-34 (9th Cir. 1984)).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must provide sufficient factual matter to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see* Fed. R. Civ. P. 8(a)(2) (a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief). A complaint satisfies the plausibility requirement if it contains sufficient facts for the court to "draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must accept as true all factual allegations put forth in the complaint and construe all facts and inferences in favor of the non-moving party. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations

omitted); *Hebbe v. Pliler*, 627 F.3d 338, 340 (9th Cir. 2010). The complaint need not include "detailed factual allegations," but must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citations omitted). The Court is "not 'required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.'" *Seven Arts Filmed Entm't, Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013) (quoting *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010)). Further, while factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

Finally, courts must construe pro se pleadings liberally and hold such pleadings to a less stringent standard than those drafted by attorneys. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980) ("It is settled law that the allegations of [a pro se litigant's complaint] 'however inartfully pleaded' are held 'to less stringent standards than formal pleadings drafted by lawyers . . .'" (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972))). A court should dismiss a pro se complaint without leave to amend only if "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

**III.   DISCUSSION**

    **A.   Parties' Contentions**

Defendants contend the complaint fails to state a claim upon which relief may be granted because it asserts no facts. (Doc. 12 at 3). As to Claim 1, Defendants argue that Plaintiff's pleadings regarding false arrest do not "allege a single other fact about the circumstances of Plaintiff's arrest" such as "whether the Defendants arrested Plaintiff with or without a warrant." (*Id.* at 4). In conclusory fashion, Defendants contend Plaintiff's other claims also fail to assert sufficient factual allegations. (*Id.* at 4-5).[7]

---

[7] Defendants' perfunctory, one-sentence argument that "the complaint does not allege facts plausibly showing a *Monell* claim" (Doc. 12 at 5) is particularly undeveloped. The Court will deem as forfeited any unpresented or undeveloped arguments in any future filings. *See Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022).

4

Plaintiff contends that each of his claims "adequately states a claim upon which relief can be granted." (Doc. 15 at 1). Plaintiff asserts that he "has adequately alleged the elements of his claims and has provided measurable injury." (*Id.* at 5). He argues that his complaint "provides Defendants fair notice of the charges against them and the grounds therefor" and "[d]iscovery and argument will add further detail later." (*Id.* at 9).

### B.  Failure to State a Claim

As set forth further below, Plaintiff's complaint fails to state sufficient factual allegations to support any cognizable claim. The complaint alleges only that Plaintiff "was arrested without just cause for trespass onto the property located at 30146 W. Cecil Avenue, Delano," by Defendants deputy sheriffs Cabezuela, Cuevas, and Dewar and that the County of Kern rejected his claim for damages filed July 12, 2022, on September 2, 2022. (Doc. 1 ¶¶ 18, 20-21). The allegations pertaining to each of Plaintiff's six asserted claims simply parrot the elements of the claims -- the complaint otherwise is void of any factual allegations that support or otherwise provide context regarding Defendants' alleged violations in the wrongful detention and false arrest and such other conduct that resulted in the violation of his constitutional rights. (*See id.* at 9-16); *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

#### 1. First, Second, and Sixth Claims for Relief - Individual Liability

To state a claim under § 1983, a plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021) (citing *Long v. Cnty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006)); *West v. Atkins*, 487 U.S. 42, 48 (1988). This requires the plaintiff to demonstrate that each defendant personally participated in the deprivation of his rights. *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007).

"The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures[.]" U.S. Const. Amend. IV. An arrest pursuant to a valid warrant is ordinarily consistent with the Fourth Amendment. *Baker*

5

1  *v. McCollan*, 443 U.S. 137, 143 (1979).  Conversely, an arrest without probable cause violates the
2  Fourth Amendment and gives rise to a claim for damages under § 1983.  *Harper v. City of Los*
3  *Angeles*, 533 F.3d 1010, 1022 (9th Cir. 2008); *see Yousefian v. City of Glendale*, 779 F.3d 1010,
4  1014 n.1 (9th Cir. 2015) (absence of probable cause is an essential element of § 1983 false arrest
5  and malicious prosecution claims). Probable cause is measured by an objective standard based on
6  the information known to the arresting officer.  *United States v. Lopez*, 482 F.3d 1067, 1072 (9th
7  Cir. 2007) (citing *Beck v. Ohio*, 379 U.S. 89, 91, (1964)).  *See Hill v. Scott*, 349 F.3d 1068, 1072
8  (8th Cir. 2003) ("[S]ufficent probability, not certainty, is the touchstone of reasonableness under
9  the Fourth Amendment...").  To determine whether an officer had probable cause for an arrest,
10 courts "examine the events leading up to the arrest, and then decide whether these historical facts,
11 viewed from the standpoint of an objectively reasonable police officer, amount to probable cause."
12 *O'Doan v. Sanford*, 991 F.3d 1027, 1039 (9th Cir. 2021) (quoting *D.C. v. Wesby*, 583 U.S. 48, 56-
13 57 (2018) (internal citations and quotation omitted)).

14  Plaintiff's first claim for relief pursuant to the Fourth Amendment for unlawful detention
15 and arrest fails to allege any facts as to whether Defendants arrested Plaintiff with or "without
16 probable cause or other justification" or any other circumstances surrounding the arrest.  *Lacey v.*
17 *Maricopa Cnty.*, 693 F.2d 896, 918 (9th Cir. 2012).  Plaintiff's bare allegation that Defendants
18 "arrested him without probable cause" (Doc. 1 ¶ 23) merely parrots a legal conclusion that the
19 Court does not accept as true.  *Iqbal*, 556 U.S. at 678.[8]

20  Plaintiff's second claim for relief pursuant to the Fourteenth Amendment for a violation of
21 substantive due process appears to rely on the same detention/arrest as Plaintiff's first claim.
22 "[W]here a particular Amendment 'provides an explicit textual source of constitutional protection'
23 against a particular sort of government behavior, 'that Amendment, not the more generalized notion
24 of "substantive due process," must be the guide for analyzing these claims.'"  *Albright v. Oliver*,

---

[8] For the same reasons, Plaintiff's sixth claim for relief for false arrest/false imprisonment fails given Plaintiff's conclusory allegation without factual support that he was arrested without probable cause. (Doc. 1 ¶ 58).  *See, e.g., Jaramillo v. City of San Mateo*, 76 F. Supp. 3d 905, 928 (N.D. Cal. 2014) ("Courts analyze state false arrest and false imprisonment claims under the same rubric as § 1983 claims based on false arrest under the Fourth Amendment.").

510 U.S. 266, 273 (1994) (quoting *Graham v. Connor*, 490 U.S. 386, 395, (1989)). Where, as here, a plaintiff alleges a constitutional violation based on an officer's arrest without probable cause, "substantive due process, with its 'scarce and open-ended' 'guideposts,' can afford him no relief." *Id*. at 275 (quoting *Collins v. Harker Heights*, 503 U.S. 115, 125 (1992)). Thus, not only is Plaintiff's second claim deficient for its failure to allege facts from which an inference may be drawn that Defendants violated Plaintiff's substantive due process rights, because the claim as pleaded seeks to vindicate Plaintiff's rights under the Fourth Amendment, Plaintiff may not plead the same claim pursuant to the Fourteenth Amendment. *See Awabdy v. City of Adelanto*, 368 F.3d 1062, 1069 (9th Cir. 2004) (citing *Albright*, 510 U.S. at 268, 271).

**2. Third, Fourth, and Fifth Claims for Relief - Municipal Liability**

Plaintiff also fails to state claims for municipal liability (Claims 3, 4, and 5) against Defendant County of Kern and Does 1-10.

City or county governments, including departments within them, cannot be held liable under section 1983 for the acts of an employee. *Monell v. Dep't of Soc. Servs. Of City of New York*, 436 U.S. 658, 691 (1978). Instead, local governments "can be sued directly under [Section] 1983 for monetary, declaratory, or injunctive relief where … the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Id.* at 690. "In order to establish liability for governmental entities under *Monell*, a plaintiff must prove '(1) that the plaintiff possessed a constitutional right of which she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation.'" *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011).

In general, Plaintiff could plead a *Monell* cause of action in one of three ways. First, he could allege the County of Kern is liable for his constitutional injuries by acting "pursuant to an expressly adopted official policy." *Sabra v. Maricopa Cnty. Cmty. College Dist*., 44 F.4th 867, 883 (9th Cir. 2022) (citing *Gordon v. Cnty. of Orange*, 6 F.4th 961, 973 (9th Cir. 2021)). Second, he could allege liability based on a "longstanding practice or custom" by County of Kern that led to

7

1 violation of his constitutional rights. *Id.* Third, he could plead liability if "the individual who committed the constitutional tort was an official with final policy-making authority or such an official ratified a subordinate's unconstitutional decision or action and the basis for it." *Id.*

Courts in the Ninth Circuit use a two-part test to evaluate whether factual allegations regarding municipal liability are sufficiently pled: "First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *A.E. ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)). "Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.*

Here, the complaint fails to sufficiently allege any policy, practice, or custom of County of Kern or its "administrative arms" that is "the moving force behind [his alleged] constitutional violation[s]." *Doughtery*, 654 F.3d at 900. Plaintiff's claims under *Monell* cannot simply rely on "mere conclusory statements" of an undefined policy of County of Kern to support cognizable claims; without more, these claims fail as a matter of law. (*See* Doc. 1 ¶ 36 ["Upon information and belief, a final policymaker has determined (or will determine) that the acts of Defendants [deputies] were 'within policy.'"], ¶ 42 ["The training policies of Defendants … [County] were not adequate to train its officers to handle the usual and recurring situations with which they must deal."], ¶ 50 ["Defendants [deputies] acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the Defendants [County]"], & ¶ 52 [Defendants … [County and Does 1-10], together with other … [County] policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies: …."]). Although Plaintiff appears to name a number of customs, practices, and policies under his fifth claim for relief, these allegations are generalized and without sufficient factual support such that the Court is unable to see how these policies specifically "amount[] to deliberate indifference to [Plaintiff's] constitutional right[s] … and … is the moving force behind the constitutional violation[s]."

8

*Dougherty*, 654 F.3d at 900; (*see* Doc. 1 ¶ 52(A) ["Providing inadequate training regarding and employing and retaining deputy sheriff individuals such as Defendants … whom … Defendants [County] at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority"], ¶ 52(B) ["Inadequately supervising, training, controlling, assigning, and disciplining … deputies, and other personnel, … whom Defendants … knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits"], ¶ 52(C) ["Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining, and controlling misconduct by … deputies"], ¶ 52(D) ["Failing to adequately discipline … deputies … for the above-referenced categories of misconduct, that is tantamount to encouraging misconduct"], ¶ 52(E) ["Encouraging, accommodating, or facilitating a 'blue code of silence,' 'blue shield,' 'blue wall,' 'blue curtain,' 'blue veil,' or simply 'code of silence,' pursuant to which deputies do not report other deputies' errors, misconduct, or crimes."], & ¶ 52(F) ["Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of deputy misconduct[.]"]). Plaintiff must allege facts that show how these policies, customs, or practices resulted in the constitutional violations he alleges to have suffered.

Thus, even liberally construing the complaint's allegations, the undersigned finds Plaintiff fails to state a claim against Defendants upon which relief may properly be granted. The undersigned therefore will recommend the Court grant Defendants' motion to dismiss.

### C.    Leave to Amend

Rule 15 provides that "leave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(2). However, district courts are only required to grant leave to amend if a complaint can be saved. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). When a complaint cannot be cured by additional facts, leave to amend need not be provided. *Doe v. United States*, 58 F.3d 494, 397 (9th Cir. 1995).

Plaintiff requests in his opposition that "in the event [Defendants'] motion is granted," he be allowed to "amend or refile his complaint." (Doc. 15 at 9). As set forth above, the complaint fails to state any claim as a matter of law. Because Plaintiff may be able to cure the identified deficiencies, the undersigned finds Plaintiff is entitled to leave to amend.

If Plaintiff wishes to file a first amended complaint, any such amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678-79. As set forth above, Plaintiff has failed to make any factual allegations regarding four of the named Defendants (Lara, Sanchez, Avila, and Garza) and they are subject to dismissal unless Plaintiff alleges their individual actions and involvement in the claimed constitutional violations. Relatedly, although Plaintiff names numerous Doe defendants as "supervisory" or "policymaking employees" (Doc. 1 ¶¶ 8-9), there are no factual allegations concerning even the general nature of the supervisory or policymaking positions each Doe defendant allegedly occupied and what his/her involvement was in the alleged constitutional violations.

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey*, 693 F.3d at 927. Therefore, an amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220

## IV. CONCLUSION AND RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that:

1. Defendants' motion to dismiss (Doc. 12) be GRANTED.

2. Plaintiff's complaint (Doc. 1) be DISMISSED with leave to amend.

These Findings and Recommendations will be submitted to the U.S. District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, any party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent any party wishes to refer to any exhibit(s), that party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the

exhibit with specificity.  Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).  A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:  **June 10, 2025**

UNITED STATES MAGISTRATE JUDGE

11