UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK WACHS,<br>Plaintiff,<br>v.<br>COUNTY OF KERN, *et al.*,<br>Defendants. | Case No. 1:23-cv-00445-KES-CDB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND<br><br>Doc. 28<br><br>**21-DAY DEADLINE** |

Patrick Wachs, proceeding pro se, initiated this action in the Kern County Superior Court on February 21, 2023. Doc. 1. Since-dismissed Defendant City of Delano removed the case to this Court on March 23, 2023. *Id.* On April 3, 2023, Defendants County of Kern, Joshua Cabezuela, Juan Cuevas, Andrew Avila, and Phillip Garza (collectively, "Defendants") filed a motion to dismiss the complaint. Doc. 12. Plaintiff filed an opposition on April 18, 2023, and Defendants replied on April 24, 2023. Docs. 15, 16. The motion to dismiss was referred to the assigned magistrate judge for the preparation of findings and recommendations on May 14, 2025. Doc. 27.

On June 10, 2025, the assigned magistrate judge issued findings and recommendations that Defendants' motion to dismiss be granted with leave to amend. Doc. 28. The findings and recommendations were served on the parties and contained notice that any objections were to be filed within fourteen (14) days of the date of service. *Id.* at 10-11 (citing *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014)). On June 25, 2025, Plaintiff timely filed objections. Doc. 30. Defendants did not file any objections or a response to Plaintiff's objections, and the time to do so has now passed.

In his objections, Plaintiff contends that the complaint satisfies Federal Rule of Procedure 8 as it alleges that "he was arrested on October 17, 2020, at 30146 W. Cecil Avenue, Delano, by named deputies acting under color of law and without legal justification," and provides "the date, location, individuals involved, and harm suffered." Doc. 30 at 5. He asserts that the findings and recommendations improperly overlook the "breadth and depth" of his allegations which allege municipal liability under *Monell v. Dep't of Soc. Servs. Of City of New York*, 436 U.S. 658 (1978). *Id.* Plaintiff contends his Fourteenth Amendment claim is not duplicative of the Fourth Amendment claim because he "alleged reputational harm, stigma, and interference with liberty interests separate from the arrest itself." *Id.* at 6. Lastly, Plaintiff concedes that "[w]hile some Defendants may not be individually alleged to have committed direct acts, the Complaint pleads that they were present, acting under color of law, and in concert with other officers," and "Rule 8 does not require granular factual delineation of each individual's role at the pleadings stage." *Id.*

Pursuant to 28 U.S.C. § 636(b)(1), the Court conducted a de novo review of this case. Having carefully reviewed the matter, including Plaintiff's objections, the Court concludes the findings and recommendations are supported by the record and proper analysis.

Plaintiff's objections do not undermine the magistrate judge's analysis. The magistrate judge correctly determined that Plaintiff's allegations merely parrot the elements of the claims without facts that support or provide context regarding each of the Defendants' alleged violations. *See* Doc. 28 at 5-7. The magistrate judge also correctly concluded that Plaintiff failed to state claims for municipal liability, as the relevant allegations rely on conclusory statements of an undefined policy and they are generalized, and without sufficient factual support, to plausibly allege or permit an inference that any deliberately indifferent policy caused the alleged constitutional violations. *Id.* at 8-9 (citing *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011)).

The magistrate judge correctly found that, even liberally construing the complaint's allegations, Plaintiff fails to state a claim against Defendants upon which relief may properly be granted. The magistrate judge also appropriately found that Plaintiff may be able to cure the

identified deficiencies such that he is entitled leave to amend. *See* Fed. R. Civ. P. 15(2); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000).

Accordingly, the Court will grant Plaintiff the opportunity to amend his complaint, as he may be able to allege additional facts to state what each named defendant did that led to the deprivation of his constitutional rights. Specifically, as the magistrate judge admonished, Plaintiff has failed to make any factual allegations regarding four of the named Defendants (Lara, Sanchez, Avila, and Garza) and they are subject to dismissal unless Plaintiff alleges their individual actions and involvement in the claimed constitutional violations. Relatedly, although Plaintiff names numerous Doe defendants as "supervisory" or "policymaking employees" (Doc. 1 ¶¶ 8-9), there are no factual allegations concerning the supervisory or policymaking positions each Doe defendant allegedly occupied and what his/her involvement was in the alleged constitutional violations.

If Plaintiff chooses to file a first amended complaint, that complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint." Plaintiff is advised that an amended complaint supersedes any prior complaints. *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (amended complaint supersedes a prior complaint and the prior complaint thereafter is treated as non-existent). The amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. **Thus, Plaintiff must allege <u>all facts</u> in the first amended complaint concerning the alleged incidents to support his claims.** Once Plaintiff files a first amended complaint, the original complaint will no longer serve any function in the case and the allegations contained within them cannot help to bolster any of his claims contained in the first amended complaint.

///

///

///

///

///

///

Accordingly, IT IS HEREBY ORDERED:

1. The Findings and Recommendations issued on June 10, 2025 (Doc. 28) are ADOPTED in full.
2. Defendants' motion to dismiss (Doc. 12) is GRANTED.
3. Plaintiff's complaint (Doc. 1) is DISMISSED with leave to amend.
4. Within 30 days of the date of service of this Order, Plaintiff may file a first amended complaint that complies with this Order.
5. If Plaintiff does not timely file a first amended complaint, **this case will be dismissed** pursuant to this Order.

IT IS SO ORDERED.

Dated: August 7, 2026

UNITED STATES DISTRICT JUDGE